Dear Mr. Coates:
You have requested a reconsideration of Opinion Number 91-158, issued on May 30, 1991, concerning whether a School Board appointed interview committee may interview prospective applicants and make non-binding employment recommendations to the Board in executive session.
The work of the committee considered in Opinion Number 91-158 included interviewing prospective applicants and forwarding the names of the applicants with the three highest scores, derived from standards adopted by the School Board, to the superintendent. The Superintendent then recommended one of the three, or showed just cause for not doing so. The School Board was ultimately free to accept or reject the Superintendent's recommendation, employ an applicant of their choice, re-initiate the selection process, or personally interview any applicant.
It was our opinion that the committee was a "public body" as defined in LSA-R.S. 42:4.2 A (2), because it is a "committee of the school board conducting advisory functions for that board", and that no final or binding action may be taken by that committee during executive session. It was our further opinion that the process for selecting the interview committee must also conform to the requirements of the Open Meetings Law, and that the vote of the Board selecting the committee must be taken in public session. These portions of Opinion Number 91-158 are hereby affirmed.
With regard to the committee's work, it was our opinion that the exception provided for by LSA-R.S. 42:6.1 A(1), which allows a public body to "discuss the character, professional competence, or physical or mental health of a person" in executive session, was applicable to the committee's interviewing of applicants. And, based on our understanding that the committee's action was neither final nor binding on the School Board, it was our further opinion that the committee's work in narrowing the field of candidates could be done in executive session.
As part of your request for reconsideration, you cite the case of Brown v. East Baton Rouge Parish School Board, 405 So.2d 1148 (La.App. 1st Cir. 1981). In Brown, an interview committee of the East Baton Rouge Parish School Board met in executive session and considered applications and each committee member would eliminate or narrow prospective candidates in a process requiring the members to list the names that they wished to be given further consideration. Only the top ten selected applicants would then be scheduled for an in-person interview. Because the work of the interview committee included some selection action, the court in Brown found that this aspect of their work did not come under the public meetings exception of LSA-R.S. 42:6.1 A(1). The court reasoned that, although the actions of the committee were not binding, the practical effect of their actions in these closed sessions was a decision by the committee to select certain of the applicants for further consideration and to reject others. Testimony in Brown showed that committee members were under the impression that they would be wasting their time if they nominated anyone to the full board who had not been recommended by the committee.
Upon reconsidering Opinion Number 91-158, we find that the respective procedures employed by the interview committee in Brown, and that of the committee we considered in that opinion, were similar in nature and effect. Thus, we now find, and it is our opinion that, as in Brown, the action of the interview committee of the W. Carroll Parish School Board in selecting and recommending applicants for further consideration, although neither final nor binding, is "a decision by the Committee to select certain of the applicants for further consideration and to reject the others." This aspect of the committee's work is not sanctioned by any exemption contained in the Louisiana Open Meetings Law, and their selection/recommendation action in this regard may therefore not be taken in executive session.
With regard to the interviewing of applicants, it is our opinion that the committee may do this in executive session.
As pointed out in Opinion Number 91-158, LSA-R.S. 42:6.1 A (1) is an exception to the Open Meetings Law which allows a public body to hold an executive session for the "[d]iscussion of the character, professional competence, or physical or mental health of a person . . . [except as to] the appointment of a person to a public body." This exception allows the "discussion" of certain aspects concerning a "person" in executive session.
By its terms, the exception makes no distinction between "discussion" only among committee or board members themselves during the selection process, as opposed to discussion during the interview process between members and/or between members and applicants. It is the discussion of the mentioned aspects of the applicant which is exempt from the Open Meetings Law, regardless of with or between whom this discussion takes place. Further, the exception provides for the discussion of a "person", and it is not, by its terms, limited to those persons already employed in public service, nor is it exclusive of applicants and prospective employees.
The court in Brown further agreed that, since the open meetings law and the public records law are closely related in both purpose and design, cases decided under the public records law should be persuasive, if not controlling authority. Although asked to apply the reasoning of Trahan v. Larivee, 365 So.2d 294 (La.App. 3rd Cir, 1978), writ denied, 366 So.2d 564
(La. 1979), and other similar cases, the court in Brown found those cases to be factually distinguishable. We believe, however, that Trahan is applicable to the factual circumstances considered herein.
In Trahan, the court considered the privacy provisions of Article 1, Section 5 of the Louisiana Constitution of 1974 which provides that:
 Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. [emphasis added]
The court in Trahan found that the "employee performance ratings" of a Lafayette city employee were public records. However, the court further held that Article 1, Section 5 of the Louisiana Constitution of 1974 contains a "built-in" exemption to the public records law and that disclosure of the documents in question would seriously infringe on the privacy of the city employee.
It is our opinion that the Article 1, Section 5 privacy considerations mentioned and relied upon by the court in Trahan, with regard to the employee performance ratings at issue therein, pertain equally to the discussion and revelation of personal and private information concerning a job applicant. Based on these same privacy considerations, it is our opinion that the Open Meetings Law exception found in LSA-R.S. 42:6.1 A (1) was intended to implement, guard and enforce the same privacy rights which are protected by Article 1, Section 5.
Therefore, it is our opinion that neither a committee nor a School Board may take any action in an executive session which is in the nature of a decision, selection or recommendation of or concerning a job applicant or prospective employee. It is our further opinion, however, that an executive session is proper whenever and wherever there is any discussion of the character, professional competence, or physical or mental health of a person, including a job applicant or a prospective employee, and that a committee or a School Board may therefore conduct interviews of job applicants or prospective employees in an executive session.
This opinion hereby clarifies and amends, as necessary, Opinion Number 91-158.
Trusting this to be sufficient for your purposes, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
NWE/vls-0434l
cc: Alfred L. Rawls, President W. Carroll Parish School Board